**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRISTOPHER JONES,  :  <br>                    :  <br>            Petitioner,  :  <br>                    :  <br>       v.          :  <br>                    :  <br>PENNSYLVANIA BOARD OF  :  <br>PROBATION AND PAROLE, et al.,:  <br>                    :  <br>            Respondents.  : | Civil No. 09-930 (JBS)  <br><br>**OPINION** |

**APPEARANCES:**

    CHRISTOPHER JONES, Petitioner pro se
    #11623-067
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**SIMANDLE, District Judge**

    Petitioner, Christopher Jones ("Jones"), a federal prisoner presently confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) and § 2254(a). Jones names the Pennsylvania Board of Probation and Parole, the Pennsylvania Department of Corrections and the Commonwealth of Pennsylvania, as the party respondents in this action.[1]

---

[1] On May 12, 2009, Jones filed an amended petition naming the Commonwealth of Pennsylvania as a party respondent in this matter.

For the reasons stated below, the Court will transfer this matter to the United States District Court for the Middle District of Pennsylvania.

## I.   BACKGROUND

The following facts are taken from the petition and amended petition, and are assumed true for purposes of this decision. Jones is currently confined at FCI Fairton.  He brings this habeas action under both 28 U.S.C. § 2241 and § 2254, challenging his 2001 Lycoming County, Pennsylvania state court conviction on two counts of possession with intent to distribute cocaine.  On January 10, 2001, Jones entered a guilty plea to the charges, after consulting with his counsel.  He was sentenced to a term of two to four years imprisonment.

On July 22, 2002, after serving the minimum two-year prison term, Jones was placed on parole and sent to a halfway house in Philadelphia, Pennsylvania.  In October 2002, Jones absconded with 22 months remaining on his sentence.

On July 24, 2003, Jones was indicted in the United States District Court for the Middle District of Pennsylvania for possession with the intent to distribute cocaine.  On December 16, 2006, the Government filed a superceding indictment charging that Jones possessed with the intent to distribute at least 500 grams of cocaine.  After a jury trial, Jones was convicted of the lesser included offense of possession with the intent to distribute less than 500 grams of cocaine (in particular, 104.5

grams).  Under the United States Sentencing Guidelines in effect at that time, a person found guilty of an offense involving between 100 to 200 grams of cocaine would be sentenced at offense level 18.  With his criminal history category VI and an offense level 18, Jones faced a sentencing range of 57 to 71 months in prison.  However, because of two prior felony drug convictions, the 2001 Lycoming County, PA conviction at issue, and a 2000 Philadelphia County, PA conviction, Jones qualified as a career offender under the federal sentencing guidelines, which increased his offense level from 18 to 34, a four-fold sentencing range increase of 262 to 327 months imprisonment.  Accordingly, on May 12, 2008, the United States District Court for the Middle District of Pennsylvania sentenced Jones to 262 months in prison.

   Jones now argues that had his trial counsel in the 2001 Pennsylvania state court criminal matter advised Jones that he could later face a harsh career offender enhancement on any later sentences, Jones would not have pled guilty in 2001.  Jones contends that his trial counsel was ineffective for not advising him that his 2001 guilty plea could be used to trigger the career offender enhancement in the event he was subsequently charged and convicted of a crime in federal court, and that his guilty plea is invalid because it was not entered knowingly, intelligently, or voluntarily due to trial counsel's failure to advise him of the consequences of his plea.

Jones also asserts that he is "in custody" of the named state respondents pursuant to 28 U.S.C. § 2241(c)(3), although he is serving a federal sentence, because the Pennsylvania State Parole Board has lodged a detainer warrant against Jones with the federal authorities now having custody over him to assure that, at the completion of his federal sentence, Jones is returned to state custody to serve his remaining 15-month parole sentence.

## II.   DISCUSSION

### A.   Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   <u>Habeas Jurisdiction</u>

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  <u>Gomori v. Arnold</u>, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  <u>See also</u> <u>Soyka v. Alldredge</u>, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Here, Jones is challenging the validity of his 2001 Lycoming County, Pennsylvania conviction on two grounds, each which arose prior to his federal conviction, namely: (1) ineffective assistance of counsel, and (2) an invalid guilty plea.  Since Jones is challenging the validity of his state court conviction, his petition is properly brought under 28 U.S.C. § 2254, and not

5

§ 2241.  See DeVaughn v. Dodrill, 145 Fed. Appx. 392, 394 (3d Cir. Aug. 23, 2005)("[a] prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241"); see also 28 U.S.C. § 2254(a).

Section 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Although Jones is literally in custody serving his federal sentence at this time, Jones satisfies the "in custody" requirement of § 2254 in light of the state sentence he must serve (the remaining 15-month parole sentence) following his release from federal confinement.  See Maleng v. Cook, 490 U.S. 488, 493 (1989)(where § 2254 petitioner who challenged his state sentences would be returned to state authorities to serve his state sentences at the conclusion of his federal sentence, he was "in custody" under his state sentences despite the fact that he was still serving his federal sentence); United States ex rel. Meadows v. New York, 426 F.2d 1176, 1179 (2d Cir. 1970)(federal prisoner challenging a state conviction and sentence which was to be served consecutive to his federal sentence was "in custody" under his state court conviction, and his habeas petition was

6

properly filed in the district court within which the State court was held which convicted and sentenced the petitioner), cert. denied, 401 U.S. 941 (1971).  Therefore, this Court finds that Jones meets the "in custody" requirement for his § 2254 habeas petition.

The Court finds, however, that Petitioner is not in the proper district court pursuant to 28 U.S.C. § 2241(d).  A petition challenging a state court conviction must be filed only in a district court within the original state of conviction, here, Pennsylvania.  Section 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

This means that filing a habeas petition attacking a state court conviction is appropriate in the district of confinement only if that district is also in the state of the conviction being challenged.  The District of New Jersey thus lacks

jurisdiction to grant relief against a conviction and sentence imposed by the Commonwealth of Pennsylvania.

Accordingly, this matter will be transferred to "the district court for the district within which the State court was held which convicted and sentenced him." Id.  Because Jones is challenging the state court conviction entered in Lycoming County, Pennsylvania, this case will be transferred to the United States District Court for the Middle District of Pennsylvania, the district court where that state court is located.

## CONCLUSION

For the reasons set forth above, this action will be transferred to the United States District Court for the Middle District of Pennsylvania because the Court lacks jurisdiction over the instant petition.  An appropriate order follows.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated: **August 4, 2009**

8